G. DALLAS HORTON

J. BAUER HORTON[F]

[F]Also actively licensed in Texas

[F]Of Counsel

# G. DALLAS HORTON
## & ASSOCIATES

ATTORNEYS AT LAW
*Exclusively Personal Injury*

RICHARD C. SIPAN[††]

CINEMA GREENBERG[£]

[†] Also actively licensed in California & Hawaii

[‡] Also licensed in Oregon & Washington

[£]Also actively licensed in New York

4435 SOUTH EASTERN AVENUE

LAS VEGAS, NEVADA 89119

TEL (702) 380-3100

FAX (702) 385-3101

January 16, 2007

<u>VIA Federal Express Overnight</u>

Hyundai Motor America
10550 Talbert Ave.
P.O. Box 20850
Fountain Valley, California 92728-0850

Att: Thomas N. Vanderford, Jr.

Re:  My Client              : Christine Keys
     Owner of Vehicle       : Maranda Jackson
     Vehicle                : 2004 Hyundai Accent

Dear Mr. Vanderford,

As per the conversation that Steven Foremaster had with Sandra McKinney on January 16, 2007, I am enclosing information on the accident involving my client. I have enclosed the documents in exhibit form for your review.

Currently, Ms. Keys is still undergoing medical rehabilitation and physical therapy for the injuries she sustained in this accident. I have enclosed a portion of her medical bill and treatment records as Exhibit 4. At the conclusion of her treatment I will submit a settlement demand on behalf of Ms. Keys.

Our office has scheduled the inspection of the 2004 Hyundai Accent with your expert, Steven Johnson, and our expert, William Morrison, for January 19, 2007, at Accident Solutions in Las Vegas, NV.

Ms. Keys was involved in a head on collision with a 2002 Dodge Stratus. At the time of impact the air bags in the 2004 Hyundai Accent that Ms. Keys was driving did not deploy. The airbags deployed only after the car came to a rest and Ms. Keys was being extracted from the car by the paramedics.

Please contact our office at your earliest convenience should you have any further questions.

Thank you for your courtesy and cooperation.

Very truly yours,

G. Dallas Horton

G. Dallas Horton, Esq.

GDH/jlh

RECEIVED

JAN 1 7 2007

LEGAL DEPARTMENT

# EXHIBIT 14

# W.N. Morrison & Associates

**7 Reyburn Drive**
**Henderson, Nevada 89074**
Phone: 702-838-0110
Fax: 702-838-0115

September 22, 2006

G. Dallas Horton, Esq.
G. Dallas Horton and Associates
530 South Fourth Street
Las Vegas, Nevada 89101

| Re: | **Subject** | : | **Christine Keys** |
|-----|-------------|---|--------------------|
|     | **Date of Accident** | : | **June 4, 2006** |
|     | **Our File No.** | : | **206212** |

Dear Mr. Horton:

Pursuant to your request of August 7, 2006, I have completed an analysis of the air bag failure of the 2004 Hyundai Accent operated by Christine Keys who involved in an accident with Cynthia Dufala on June 4, 2006.

## *CONCLUSIONS*

Based on the available information to date, the following observations can be made:

- The damage found to the front of the Keys Hyundai Accent was comparable to a speed of 16.4 mph at the time of impact with a movable barrier utilizing the computer program "WinCrash".

- The Delta V developed was 12.5 mph and the principal direction of force was 20° which should have enabled the deployment of the driver's air bag.

- The reported information that the air bag for the Keys Hyundai did not deploy until the door of the Hyundai was opened should be considered as a failure of the air bag system to deploy as it was designed to during the impact sequence.

Christine Keys
September 22, 2006
Page Two

## *SUMMARY*

Reportedly, Christine Keys was operating a 2004 Hyundai Accent eastbound on Garwood Avenue approaching the intersection with Ransom Drive in Las Vegas, Nevada. At the same time, Cynthia Dufala was operating a 2002 Dodge Stratus 4-door sedan northbound on Ransom Drive. Ms. Dufala entered onto Garwood Avenue to complete a left turn to travel westbound on Garwood Avenue. The Keys Hyundai collided with the Dufala Dodge as it entered into the path of the Keys Hyundai.

It was further reported that the driver's air-bag did not deploy during the accident on the Keys Hyundai. When the medical personnel arrived at the scene and opened the door to access Christine Keys, both of the front air-bags deployed.

## *ISSUES*

The issue addressed herein pertains to the failure of the front air-bags to deploy during the impact.

## *BASIS OF ANALYSIS*

- Review of the Las Vegas Metropolitan Police Department Traffic Accident Report

- Inspection of the Keys 2004 Hyundai at CoPart Salvage Yard

- Review of published specifications for the 2004 Hyundai Accent 4-door sedan and 2002 Dodge Stratus 4-door sedan

- Utilization of the computer program "WinCrash" to determine the equivalent barrier speed of the Keys Hyundai and force directions

## *DISCUSSION*

The police accident report has documented that Christine Keys was traveling properly in her travel lane eastbound on Garwood Avenue when Cynthia Dufala entered the travel path of Ms. Keys in her 2002 Dodge Stratus. The collision type was listed as being angle, but in the damage description for the two vehicles, each had front-end damage which would translate to a head-on collision.

Christine Keys
September 22, 2006
Page Three

   To address the issue of the air-bag deployment, the Keys Hyundai was inspected in the storage facilities of CoPart on August 15, 2006. Measurements and photographs were taken of the Hyundai. The Dufala Dodge was not available for inspection. The published vehicle specifications for the two involved vehicles show an approximate 1000 pound advantage for the Dufala Dodge over the Keys Hyundai.

   The inspection of the Keys Hyundai disclosed that the vehicle exhibited contact damage across the front from approximately 1 foot to the right of the left side front fender to the right front fender. Measurements of the wheelbase revealed that the right front wheel was moved rearward approximately 2.4 inches. The right front fender and reinforcement bar were displaced rearward approximately 1 foot. The right side of the front bumper polymer bumper cover was torn and cut. The remaining bumper cover was loose from its front end attachment points.

   The reinforcement bar was exposed and exhibited a vertical indentation approximately 3.7 feet to the right of the left end of the bar. The indentation and the bar measured approximately 7 inches rearward. The exterior side of the front polymer bumper cover exhibited scuff type markings and a distorted shape from 2.6 feet to 4.8 feet from the left front.

## *ANALYSIS*

   The deployment of the front air-bags is dependant on where the force directions are being applied. The police accident report has documented that both involved vehicles underwent deployment of the front air-bags. However, based on the information received, the air-bags for the Keys Hyundai did not deploy until the vehicle had come to stop and the car door or doors were opened.

   The residual damage found to the front of the Keys Hyundai was concentrated at the center of the front extending to the right front which had the maximum amount of damage. The damage was found to be consistent with the Dufala Dodge turning to the west from a northbound direction at the time of the impact with the heading being from 155° to 165° to the heading of the Keys Hyundai.

   Calculations were completed based on the damage to the front of the Keys Hyundai utilizing the computer program "WinCrash" with a movable barrier. The amount of damage was consistent with an barrier speed of 16.4 mph and a Delta V (change in speed) of 12.5 mph with the principal direction of the forces being 20°. These calculation were completed with a barrier and did not consider the damage to the Dufala Dodge or the distances traveled after impact. The principal direction of the force at the time of maximum engagement for the Keys Hyundai fell

Christine Keys
September 22, 2006
Page Four

within the parameters of the air-bag crash detection system which should have caused the immediate deployment of the vehicle's air-bag system.

Based on the damage profile of the front of the Keys Hyundai, the collision would have been offset which would have caused the Keys Hyundai to rotate in a clockwise direction while decelerating to a stop. The occupant kinematics for Ms. Keys would entail an upper body forward rotation with a deviation to her right during the period of maximum engagement. It has become apparent over the years of vehicles having air-bags that the sensing devices for the force and timing of deployments need to be better designed and controlled for a wider range of crash scenarios. It is unknown whether the characteristics of the sensing device or devices were overloaded with data, defective, or not in proper position to detect the impact forces in the accident in question.

This will conclude the analysis from the data available at the present time. If additional information is made available, I would appreciate receiving such information for review and consideration. The photographs taken during the inspection and documentation are attached with this report. Should you require clarification of any of the material contained herein, please do not hesitate to contact me.

Thank you for this opportunity to assist you in this matter.

Sincerely,

William N. Morrison/ACTAR #123
Accident Reconstruction Specialist

# W.N. MORRISON & ASSOCIATES

Accident Analysis & Reconstruction

## William N. Morrison

ACTAR Accredited #123
Reconstruction Specialist

(702) 838-0110 • (702) 838-0115 FAX

# EXHIBIT 15

# W.N. Morrison & Associates
**7 Reyburn Drive**
**Henderson, Nevada 89074**
Phone: 702-838-0110
Fax: 702-838-0115


February 5, 2007


G. Dallas Horton, Esq.
Horton, Horton & Sipan
4435 So. Eastern Aveue
Las Vegas, Nevada 89119

Dear Mr. Horton:

I attended the inspection of the Hoosech and Keyes Hyundai inspections by Steve Johnson of Hyundai Motors on January 19, 2006 at Accident Solutions located at 4425 East Colton Avenue in Las Vegas, Nevada. Mr. Johnson looked at the Hoosech Hyundai Santa Fe first. Photographs were taken of the entire vehicle and measurements taken of the driver's seat belt system. He then attached their instrument and downloaded the air bag system. The data retrieved indicated that a signal was not received to fire or deploy the air-bag system. I took photographs of the read out from the download. He made no comments about the location of the front sensor and the damage to the front, other than that it appeared to be an under ride collision.

The Keyes Hyundai Accent was inspected next. The download from the air-bag system did reveal a deploy signal to the air-bag. However, the sequence or time of deployment signal from initial impact was not given. While viewing the Accent, Mr. Johnson did orally note that the steering wheel was bent inward, but did not make any other comments.

My opinions have been based on force direction and whether the forces of the collision were sufficient to deploy the air-bag for the Hoosech Hyundai. The delay deployment of the Keyes Hyundai will most likely be assisted by the emergency personnel at the scene. I am of the opinion that the bent steering wheel is good objective data that the air bag did not go off at maximum engagement.

I will be sending to you by the photographs taken of the two inspections, copies of some SAE papers regarding air-bags, and a copy of some experts with the air-bag systems. I do not recognize the names of the experts on the lists, but they are members of the ARC Network. I believe there may be a design problem or a failure of a part for each of these cases and an engineer familiar with the design of the system may be the best answer.

Thank you for choosing our company to assist you in this matter. The opinions expressed after the initial inspections have not changed. If you have the opportunity to look over the conclusions of the SAE papers.

If you have any questions or comments, please contact me.

Sincerely,

William N. Morrison, ACTAR #123
Accident Reconstruction Specialist

# EXHIBIT 16







# EXHIBIT 17

1  **DOW**
G. DALLAS HORTON & ASSOCIATES
2  G. DALLAS HORTON, ESQ.
3  Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
4  Nevada Bar No. 3172
MONTE HALL, ESQ.
5  Nevada Bar No. 0239
6  CHRISTIAN Z. SMITH, ESQ.
Nevada Bar No. 8266
7  4435 South Eastern Avenue
Las Vegas, Nevada 89119
8  Tel: (702) 380-3100
9  Fax: (702) 385-3101
Attorneys for Plaintiff
10

11              UNITED STATES DISTRICT COURT

12                 DISTRICT OF NEVADA

13  CHRISTINE KEYES,                    )    Case No:  **2:08-cv-00736-LRH-LRL**
14                                      )
                           Plaintiff,   )
15                                      )
16  vs.                                 )
                                        )
17  HYUNDAI MOTOR AMERICA, a foreign    )
    corporation; DOES I through X; and ROE )
18  CORPORATIONS I through X, inclusive, )
19                                      )
                          Defendants.   )
20  _____    )

21        **PLAINTIFF'S EXPERT WITNESS LISTS, REPORTS AND WRITINGS**

22        COMES NOW, Plaintiff, CHRISTINE KEYES, by and through his attorneys, G.

23
24  DALLAS HORTON & ASSOCIATES and Olson, Cannon, Gormley & Desruisseaux, and

25  hereby submits the following Plaintiff's Designation of Expert Witnesses, Reports and Writings

26  pursuant to NRCP 16(a) (2) and serves on Defendants, through their respective Counsel,

27  Plaintiff's Expert Witness Lists, Reports and Writings as follows:
28

**LIST OF EXPERT WITNESSES**

1.     Edmund Pasimio, M.D.
       Advanced Spine and Pain Center
       801 South Rancho Dr., Ste. A-3
       Las Vegas, NV 89106.

Dr. Pasimio provided a medical record review of Plaintiff's records. Dr. Pasimio will testify as to the increased, long-term life care needs and expenses of Plaintiff which are a result of the injuries he suffered as well as the past, present and future medical condition of Plaintiff, as well as the steps that must be taken to minimize the burden of his residual injuries and physical limitations as a result of the acts and/or omissions of Defendants. Dr. Pasimio will also testify as to all of plaintiff's medical care as to causation and the reasonableness, necessity and customary nature of the billing and treatment rendered herein. The basis of his reasons and data or other information considered by the witness is set forth in his report. (Bates KEYES PASIMIO 000001 – KEYES PASIMIO 00019) His qualifications, including a list of publications authored by the witness, his fee schedule and list of cases are produced as Bates KEYES PASIMIO 00020 – KEYES PASIMIO 00025  Plaintiff herein reserves the opportunity to supplement as additional case discovery is completed.

2.     Dr. Armando Miciano, M.D.
       Spring Mountain Rehabilitation
       2701 N. Tenaya Way, Suite 290
       Las Vegas, NV 89128.

Mr. Miciano is a medical doctor of physical medicine. Mr. Miciano will testify as to the effect of the physical residuals suffered by Plaintiff by the acts and/or omissions of Defendants herein as it relates to Plaintiff's physical rehabilitation. Dr. Miciano may critically evaluate the opinions of any expert witness identified or designated by Defendants herein. Dr. Miciano will also testify as to all of plaintiff's medical care as to causation and the reasonableness, necessity and customary nature of the billing and treatment rendered herein The basis of his reasons and

data or other information considered by the witness is set forth in his report. (Bates KEYES MICIANO 00001 – KEYES MICIANO 00050) His qualifications, including a list of publications authored by the witness, his fee schedule and list of cases are produced as Bates KEYES MICIANO 00051 – KEYES MICIANO 00061. Plaintiff herein reserves the opportunity to supplement as additional case discovery is completed.

       3.     Terrence M. Clauretie, Ph.D., C.P.A.
               3741 Lyle Lane
               Las Vegas, NV 89120.

      Dr. Clauretie is an economist. Dr. Clauretie will testify regarding the effects of the injuries inflicted upon the Plaintiff by the acts and/or omissions of Defendants herein as it relates to the value of past, present, and future lost wages and/or loss of earning capacity and the future cost of medical care to Plaintiff. Mr. Clauretie will testify as to the facts and opinions set forth in his report (Bates KEYES CLAURETIE 00001 – KEYES CLAURETIE 00028). The basis of his reasons and data or other information considered by the witness is set forth in his report. His qualifications, including a list of publications authored by the witness, his fee schedule and list of cases are produced as Bates KEYES CLAURETIE 00029 – KEYES CLAURETIE 00044. Plaintiff herein reserves the opportunity to supplement as additional case discovery is completed.

       4.     Hugh S. Selznick, M.D.
               3006 S. Maryland Pkwy, Suite 570
               Las Vegas, NV 89109

      Dr. Selznick provided a medical record review of Plaintiff's records. Dr. Selznick will testify the medical care and expenses of Plaintiff which are a result of the injuries she suffered as well as the past, present and future medical condition of Plaintiff, as well as the steps that must be taken to minimize the burden of his residual injuries and physical limitations as a result of the acts and/or omissions of Defendants. Dr. Selznick will also testify as to all of plaintiff's medical care as to causation and the reasonableness, necessity and customary nature of the billing and treatment rendered herein. The basis of his reasons and data or other information considered by

1   the witness is set forth in his report. (Bates KEYES SELZNICK 00001 – KEYES SELZNICK

2   00031) His qualifications, including a list of publications authored by the witness, his fee

3   schedule and list of cases are produced as Bates KEYES SELZNICK 00032 - KEYES

4   SLEZNICK 00042.  Plaintiff herein reserves the opportunity to supplement as additional case

5

6   discovery is completed.

7          5.      David S. Gibson, MBA, CPA, CRC
                   161 N. Clark Street, 47th Floor
8                  Chicago, Il 60601.

9          Mr. Gibson is a vocational expert.  He will testify that Ms. Keyes has a work disability
10
     and the impact of this disability on Ms. Keyes' earning capacity and worklife. Mr. Gibson will
11
     testify as to the facts and opinions set forth in his report (Bates KEYES GAMBOA 00001 –
12
     KEYES GAMBOA 00021).  The basis of his reasons and data or other information considered
13
     by the witness is set forth in his report.  His qualifications, including a list of publications
14
     authored by the witness, his fee schedule and list of cases are produced as Bates KEYES
15
     GIBSON 00001 – KEYES 00012.  Plaintiff herein reserves the opportunity to supplement as
16
     additional case discovery is completed.
17
            6.      Anthony M. Gamboa, Jr., Ph.D., M.B.A.
18                  801 Brickell Avenue
                    Suite 900
19                  Miami, FL  33131

20
            Mr. Gamboa is a vocational expert.  He will testify that Ms. Keyes has a work disability
21
     and the impact of this disability on Ms. Keyes' earning capacity and worklife. Mr. Gamboa will
22
     testify as to the facts and opinions set forth in his report (Bates KEYES GAMBOA 00001 –
23
     KEYES GAMBOA 00021).  The basis of his reasons and data or other information considered
24
     by the witness is set forth in his report.  His qualifications, including a list of publications
25
     authored by the witness, his fee schedule and list of cases are produced as Bates KEYES
26
     GAMBOA 00022 – KEYES GAMBOA 00061.  Plaintiff herein reserves the opportunity to
27
     supplement as additional case discovery is completed.
28
     . . .

1

2

3

    7.    Bill Rosenbluth
           Automotive Systems Analysis, Inc.
           12015 Canter Lane
           Reston, VA 20191

4

5

6

7

8

9

10

        Mr. Rosenbluth specializes in Automotive Technology. Mr. Rosenbluth will testify as to his inspection of the vehicle which Ms. Keyes was driving. Mr. Rosenbluth will testify as to the facts and opinions set forth in his report (Bates KEYES ASA 00001 – KEYES ASA 00023). The basis of his reasons and data or other information considered by the witness is set forth in his report. His qualifications, including a list of publications authored by the witness, his fee schedule and list of cases are produced as Bates KEYES ASA 00024 – KEYES ASA 00036. Plaintiff herein reserves the opportunity to supplement as additional case discovery is completed.

11

12

13

    8.    William N. Morrison, ACTAR #123
           W.N. Morrison & Associates
           7 Reyburn Drive
           Henderson, NV 89074

14

15

16

17

18

19

20

        Mr. Morrison analyzed the air bag failure of the vehicle that Ms. Keyes was driving at the time of the incident. Mr. Morrison will testify as to the facts and opinions set forth in his report (Bates KEYES MORRISON 00001 – KEYES MORRISON 00004). The basis of his reasons and data or other information considered by the witness is set forth in his report. His qualifications, including a list of publications authored by the witness, his fee schedule and list of cases are produced as Bates KEYES MORRISON 00005 – KEYES MORRISON 00018. Plaintiff herein reserves the opportunity to supplement as additional case discovery is completed.

21

**LIST OF DOCUMENTS**

22

23

24

    1.    Life Care Plan prepared for Christine Keyes prepared by Edmund Pasimio, M.D.; dated January 26, 2009. (Bates KEYES PASIMIO 00001 – KEYES PASIMIO 00019).

25

26

    2.    Curriculum Vitae, List of Cases and Fee Schedule of Edmund Pasimio (Bates Numbers KEYES PASIMIO 00020 – KEYES PASIMIO 00025)

27

28

    3.    Permanent Medical Impairment prepared by Armando Miciano, M.D., dated January 23, 2009. (Bates Numbers KEYES MICIANO 00001 – KEYES MICIANO 00050)

4.     Curriculum Vitae, List of Cases and Fee Schedule of Armando Miciano (Bates Numbers KEYES MICIANO 00051 – KEYES MICIANO 00061)

5.     Report on the present value of life care plan for prepared by Terrence M. Clauretie, dated January 29, 2009.  (Bates Numbers KEYES CLAURETIE 00001 – KEYES CLAURETIE 00028)

6.     Curriculum Vitae, List of Cases and Fee Schedule of Terrence M. Clauretie (Bates KEYES CLAURETIE 00029 – KEYES CLAURETIE 00044)

7.     Loss of Earning Capacity report prepared by Vocational Economics, Inc., dated January 22, 2009 (Bates KEYES GAMBOA 00001 – KEYES GAMBOA 00021.

8.     Curriculum Vitae, List of Cases and Fee Schedule of David Gibson, M.B.A., C.P.A., C.R.C. (Bates KEYES GIBSON 00001 – KEYES GIBSON 00012)

9.     Curriculum Vitae, List of Cases and Fee Schedule of Anthony M. Gamboa, Jr., Ph.D., M.B.A. (Bates KEYES GAMBOA 00022 – KEYES GAMBOA 00061)

10.     Gerald Rosenbluth of Amutomotive Systems Analysis, Inc. ("ASA") expert report, dated May 8, 2008 (Bates KEYES ASA 00001 – KEYES ASA 00023)

11.     Curriculum Vitae, List of Cases and Fee Schedule of William Rosenbluth Automotive Systems Analysis, Inc. ("ASA"), (Bates KEYES ASA 00024 – KEYES ASA 00036)

12.     Hugh L. Selznick, M.D. expert report, dated January 29,2009 (Bates KEYES SELZNICK 00001 – KEYES SELZNICK 00031)

13.     Curriculum Vitae, List of Cases and Fee Schedule of Hugh L. Selznick M.D. (Bates KEYES SELZNICK 00032 – KEYES SELZNICK 00042)

14.     W. N. Morrison of W.N. Morrison & Associates expert report, dated September 22, 2006 (Bates KEYES MORRISON 00001 – KEYES MORRISON 0004)

1    15.    Curriculum Vitae, List of Cases and Fee Schedule of W. N. Morrison (Bates

2  KEYES MORRISON 00005 – KEYES MORRISON 00018)

3       DATED this ___27___ day of January, 2009

4
                                        G. DALLAS HORTON & ASSOCIATES
5

6

7
                                        _____
8                                       G. DALLAS HORTON, ESQ.
                                        Nevada Bar No. 5996
9                                       DAVID L. THOMAS, ESQ.
                                        Nevada Bar No. 3172
10                                      MONTE HALL, ESQ.
                                        Nevada Bar No. 0239
11                                      CHRISTIAN Z. SMITH, ESQ.
                                        Nevada Bar No. 8266
12                                      4435 South Eastern Avenue
13                                      Las Vegas, Nevada 89119
                                        Tel: (702) 380-3100
14                                      Fax: (702) 385-3101
                                        Attorneys for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**RECEIPT OF COPY**

2          I hereby acknowledge receipt of a true and correct copy of the foregoing

3    **PLAINTIFF'S EXPERT WITNESS LISTS, REPORTS AND WRITINGS**:

4          DATED this _____ day of January, 2009.

5

6

7                                                    _____

8                                                    Greg W. Marsh, Esq.
                                                     LAW OFFICES OF GREG W. MARSH
9                                                    731 South Seventh Street
                                                     Las Vegas, Nevada 89101
10                                                   Tel: (702) 387-0052
                                                     Email: Dmr4253@aol.colm
11                                                   *Attorneys for Defendant*
                                                     *Hyundai Motor America*
12

13

14         I hereby acknowledge receipt of a true and correct copy of the foregoing

15   **PLAINTIFF'S EXPERT WITNESS LISTS, REPORTS AND WRITINGS**:

16         DATED this _____ day of January, 2009.

17

18

19                                                   _____

20                                                   Robert Vannah, Esq.
                                                     Vannah & Vannah
21                                                   400 S. Fourth Street, 6th Floor
                                                     Las Vegas, NV  89101
22                                                   *Co-counsel for Plaintiff*

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that on the $\underline{29^{th}}$ day of January, 2009, I served the foregoing **PLAINTIFF'S EXPERT WITNESS LISTS, REPORTS AND WRITINGS**:by **facsimile (text only)** and by placing a true and **correct copy (with exhibits)** of same into a sealed envelope and into the regular U.S. Mail, first class postage prepaid thereon, and addressed to the following at the addresses and facsimile numbers listed below:

Paul G. Cereghini, Esq.
Bryan J. Blehm, Esq.
BOWMAN AND BROOKE LLP
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona 85012-2761
Tel: (602) 643-2464
Fax: (602) 248-0947
*Attorneys for Defendant*
*Hyundai Motor America*

An employee of G. DALLAS HORTON & ASSOCIATES

# EXHIBIT 18

# AFFIDAVIT OF GERALD ROSENBLUTH

STATE OF ARIZONA      )
                        ) ss:
COUNTY OF MARICOPA   )

GERALD ROSENBLUTH, being first duly sworn, deposes and states that:

1. I have forty years of training and experience in the various facets of the automotive industry ranging from the practice of the auto mechanics trade to post-graduate university study. I have a B.A. and an M.A. from Arizona State University in Industrial Design and Technology with a specialization in Automotive Technology and a minor in Physical Science. I have testified as an expert witness in numerous cases dealing with automotive component design, manufacture, assembly, maintenance and failure analysis of component systems. See Exhibits "A" and "B".

I have testified in cases involving consumer fraud and product liability defect claims including but not limited to trade practices, industry comparative theoretical function and static and dynamic testing failure analysis. Additionally, I have extensive formal university education and real world experience related to automotive engine design, manufacture, assembly, maintenance and failure analysis of engine systems.

I am the president of Automotive Consulting Services, Inc., which has consulted and/or testified on behalf of both plaintiffs and defendants with representative clients being insurance companies, automobile dealerships, automobile manufacturers and private attorneys. I have also been retained by federal and state governmental agencies such as the National Highway Traffic Safety Administration, the Federal Trade Commission, the Arizona Attorney General's Office and the Department of Public Safety to investigate automotive design and/or performance defects and consumer fraud issues related to automobile design and manufacturing failures.

2.    Christine Keyes' subject vehicle was inspected on July 19, 2007 and April 2, 2008.

3.    A list of the materials reviewed is attached as Exhibit "C".

4.    Based on the information provided by William Morrison's report dated September 22, 2007, the air bag for Christine Keyes' Hyundai did not deploy until the door of the Hyundai was opened subsequent to the impact event.

5.    To a reasonable degree of technological probability, the airbag did not timely deploy during the impact sequence and in fact experienced a delayed and untimely deployment event.

6.    The steering wheel and dashboard exhibited plastic deformation and displacement consistent with occupant impact prior to airbag deployment.

7.    A properly and timely deploying airbag would not have allowed this kind of damage to the internal compartment [occupant survival zone] of the vehicle.

8.    I can further state to a reasonable degree of scientific and technological probability that the seatbelt with respect to this Hyundai malfunctioned. This can be shown by the fact that there were no loading witness marks on the seatbelt webbing nor the anchorage hardware. Examination of the buckle receiver assembly reflected a probable malfunction in the form of a false latch condition resulting in a probable inadvertent release. See Exhibit "D" [Selected photos of the buckle receiver assembly].

9.    To a reasonable degree of scientific and technology probability and based on the information I have reviewed to date, the Hyundai airbag and seatbelt systems were defective and unreasonably dangerous.

10.   Further examination and testing of the seat belt buckle receiver mechanism of a physical and radiographic nature will be necessary to support these preliminary conclusions and opinions.

11.   My investigation is continuing and I would request that Hyundai give me access to the following information relative to the seat belt system:

a)   Technical design drawings inclusive of modification blocks

b)   Documentation relative to each modification block, i.e. source documentation,

1    prototype test documentation, production test documentation, memos, reports,
2    letters and testing.
3       c)  AAD factory change orders
4       d)  Engineering specifications
5       e)  Assembly specifications
6       f)  Materials specifications
7       g)  Manufacturing specifications
8       h)  Performance specifications
9       i)  Quality control/assurance specifications
10      j)  FMEA testing:  static/dynamic
11      k)  Other similar incidents
12   12.   I reserve the right to modify and amend any opinions stated herein should additional
13   information become available that would have an effect on the basis of the opinions
14   stated at this time.
15
16
17
18                    GERALD ROSENBLUTH
19
20
21   SUBSCRIBED AND SWORN to before me
22   this _8_ day of _MAY_____, 2008.
23
24   NOTARY PUBLIC in and for said
25   County and State
26
27
28

ANGELA MORGAN
Notary Public - Arizona
MARICOPA COUNTY
My Commission Expires
APRIL 16, 2011



**AUTOMOTIVE CONSULTING SERVICES, INC.**
4747 SOUTH LAKESHORE DRIVE, SUITE 101
TEMPE, ARIZONA 85282
(480) 890-1000
FACSIMILE (480) 456-3805

**CASE FILE INDEX**
**KEYES V HYUNDAI**
**ACS 07-0524C**
**05/08/08**

## CASE TIME LOG

## ATTORNEY CORRESPONDENCE

## LEGAL DOCUMENTATION

None

## INTERROGATORIES/PRODUCTION OF DOCUMENTS

None

## POLICE/ADJUSTER/EXPERT DOCUMENTATION

1. Subject Vehicle Investigation and Test Data – By William Rosenbluth – 04/02/08
2. Expert Report – By William Morrison – Plaintiff Accident Reconstructionist – 02/05/07
3. Expert Report – By William Morrison – Plaintiff Accident Reconstructionist – 09/22/06
4. Las Vegas Fire and Rescue – EMS Report – Re: Christine Keyes – 06/04/06
5. State of Nevada Traffic Accident Report – Accident #: LVMPD-060604-2238
6. Medical Records – Re: Christine Keyes
   a) University Medical Center
7. Expert File – William Morrison – Plaintiff Accident Reconstructionist
   a) SAE Technical Paper Series – Accelerometer Overload Considerations for Automotive Airbag Applications – By M. Shaw – 03/04-07/02
   b) SAE Technical Paper Series – Important Issues in Crash Severity Sensing – By T. Gioutsos – 03/04-07/02
   c) SAE Technical Paper Series – Advanced Frontal Crash Sensing with Peripheral Sensors – By F. J. Stuetzler & K. Century – 10/03-05/00
   d) Internet Expert Search

## INVESTIGATIVE TECHNICAL NOTES

1. Case File Index – 05/08/08
2. Investigative Technical Notes – Subject Vehicle Seat Belt Examination – 04/02/08
3. Investigative Technical Notes – Subject Vehicle Examination – 07/19/07
4. VINASSIST
5. VinLink
6. Case Intake Sheet – Conference: J. Lee – 05/24/07

00020
KEYES ASA

## EVIDENCE RETENTION RECORD

1. Exemplar Left Front Buckle/Receiver [Replacement] – Sectioned – "A"
2. Exemplar Left Front Buckle/Receiver [Replacement] – "B"
3. Exemplar Left Front Restraint System [Replacement] – 2004 Hyundai Accent

## SUBJECT VEHICLE MAINTENANCE REPAIR/RECORDS

None

## TECHNICAL DATA OEM

1. Promotional Literature – 2004 Hyundai Accent
2. Owner's Manual – 2004 Hyundai Accent
3. Shop Manual – 2004 Hyundai Accent – Volume 1 of 2 – Selected Excerpt
   a) General Information
4. Shop Manual – 2004 Hyundai Accent – Volume 2 of 2 – Selected Excerpt
   a) Restraints
5. Electrical Troubleshooting Manual – 2004 Hyundai Accent – Selected Excerpts
   a) How to Use This Manual
   b) Schematic Diagrams – Selected Excerpt
   c) Component Locations – Selected Excerpts
   d) Harness Layouts – Selected Excerpt
6. Schematic Drawing – 2004 Hyundai Accent – Relay and Module

## TECHNICAL DATA SUPPLEMENTAL

1. NHTSA Office of Defects Investigation – Recalls Database – Run 07/13/07
2. NHTSA Office of Defects Investigation – Technical Service Bulletins Database – Run 07/13/07
3. NHTSA Office of Defects Investigation – Defects Database – Run 07/13/07
4. NHTSA Office of Defects Investigation – Consumer Complaints Database – Run 07/13/07
5. "Hyundai SUV and Airbag Non-Deployment: Hit or Miss?" – By Jane Mundy – 08/27/07

## DEPOSITIONS/WITNESS STATEMENTS

None

## PHOTOGRAPHIC DOCUMENTATION

1. ACS Photographic Sequence – Subject Vehicle – 2004 Hyundai Accent – 04/02/08 – #1001-#1132
2. ACS Photographic Sequence – Subject Vehicle – 2004 Hyundai Accent – 07/19/07 – #1001-#1154
3. Photographic Sequence – Subject Vehicle – By William Rosenbluth – 04/02/08
4. Photographic Sequence – Subject Vehicle Data Download Screens
5. Photographic Sequence – Subject Vehicle

## ACS MULTIMEDIA PRESENTATIONS

None

00021
KEYES ASA

# EXHIBIT 19

**AROGS**
G. DALLAS HORTON & ASSOCIATES
G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996
DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172
MONTE HALL, ESQ.
Nevada Bar No. 0239
4435 South Eastern Avenue
Las Vegas, Nevada 89119
Tel: (702) 380-3100
Fax: (702) 385-3101
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHRISTINE KEYES, | ) | **Case No: 2:08-cv-00736-LRH-LRL** |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF CHRISTINE KEYES'** |
| | ) | **RESPONSE TO DEFENDANT'S FIRST** |
| vs. | ) | **SET OF INTERROGATORIES** |
| | ) | |
| HYUNDAI MOTOR AMERICA, a foreign | ) | |
| corporation; DOES I through X; and ROE | ) | |
| CORPORATIONS I through X, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF CHRISTINE KEYES' RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

TO:     HYUNDAI MOTOR AMERICA, Defendant; and

TO:     ESQ., Attorney for Defendant:

       COMES NOW Plaintiff CHRISTINE KEYES, by and through her attorneys of record, G. DALLAS HORTON & ASSOCIATES, and the LAW OFFICE OF VANNAH & VANNAH, LLC, and hereby responds to Defendant HYUNDAI MOTOR AMERICA, pursuant to N.R.C.P. 36.

**INTERROGATORY NO. 1:**

Please identify (name, address, telephone number, and date of care) any and all health care providers who have provided care to you since this incident.

**RESPONSE TO INTERROGATORY NO. 1:**

Person Most Knowledgeable re: bills and records
C. Raban, #982690
D. Lewis, #983459
Las Vegas Fire & Rescue
500 North Casino Center Boulevard
Las Vegas, Nevada 89101

Person Most Knowledgeable re: bills and records
Eugene Libby, M.D.
UMC
1800 West Charleston Boulevard
Las Vegas, Nevada 89102

Person Most Knowledgeable re: bills and records
Eugene Libby, M.D.
Vegas Valley Orthopedics
4425 South Pecos, Suite 2
Las Vegas, Nevada 89121

Person Most Knowledgeable re: bills and records
G. Mark Sylvain, M.D.
Orthopedic Specialists
701 South Tonopah Drive
Las Vegas, Nevada 89106

Person Most Knowledgeable re: bills and records
Edmund Pasimio, M.D.
Advanced Spine & Pain Center
801 South Rancho Drive, #A3
Las Vegas, Nevada 89106

Person Most Knowledgeable re: bills and records
Care N Home, Inc./Medicare Solutions, LLC
Edmund Pasimio, M.D.
3050 East Desert Inn Road, Suite 124
Las Vegas, Nevada 89121-1527

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Person Most Knowledgeable re: bills and records
Ron Horvath
Village East Drugs
2301 East Sunset Road, #8
Las Vegas, Nevada 89119

Person Most Knowledgeable re: bills and records
North Valley Medical Supply
3053 West Craig Road, Suite B
Las Vegas, Nevada 89032

Person Most Knowledgeable re: bills and records
Wellcare Pharmacy
3890 South Maryland Parkway
Las Vegas, Nevada 89119

Person Most Knowledgeable re: bills and records
Eric J. Anderson, M.D.
Fremont Emergency Services
P. O. Box 1737
Las Vegas, Nevada 89125

Person Most Knowledgeable re: bills and records
Kofi E. Sargo
Gary D. Morris
Eric J. Anderson
Mountain View Hospital
3100 North Tenaya Way
Las Vegas, Nevada 89108

Person Most Knowledgeable re: bills and records
City of Las Vegas EMS
400 E. Stewart Avenue
Las Vegas, Nevada 89101

Person Most Knowledgeable re: bills and records
American Medical Response
1200 S. Maryland Parkway
Las Vegas, Nevada 89102

Person Most Knowledgeable re: bills and records
Desert Radiologists
7200 Cathedral Rock Drive
Las Vegas, Nevada 89128

Person Most Knowledgeable re: bills and records
Richard Singer M.D.
PBS Anesthesia
2635 Box Canyon Drive
Las Vegas, Nevada 89128

**INTERROGATORY NO. 2:**

Please identify (name, address, telephone number and date of care) and all health care providers who provided care to you five years prior to the date of this incident.

**RESPONSE TO INTERROGATORY NO. 2:**

I don't recall any.

**INTERROGATORY NO. 3:**

Please identify (name, address, and date of attendance) every school you attended.

**RESPONSE TO INTERROGATORY NO. 3:**

Brett Heart Elementery
Cocran, CA
Grades K – 6

Fremont Middle School
Cocran, CA
Grades 7 – 9

Cocran High School
Cocran, CA
Grades 10 – 12

Desert Highland Park Community Center
Palm Springs, CA
Strudies:  CNA License
Attended approximately 1985/86

**INTERROGATORY NO. 4:**

Please identify (name, address and telephone number) each person that you expect to call as an expert witness at trial.

Page 4 of 14

1  **RESPONSE TO INTERROGATORY NO. 4:**

2    At this time, Plaintiff has not designated any expert witnesses. Discovery is continuing.

3  Plaintiff reserves the right to supplement this response as additional information become

4
5  available.

6  **INTERROGATORY NO. 5:**

7    Please state the substance of the opinions you expect to elicit from each expert witness

8  identified in your answer to Interrogatory No. 5.

9  **RESPONSE TO INTERROGATORY NO. 5:**

10
11    At this time, Plaintiff has not designated any expert witnesses. Discovery is continuing.

12  Plaintiff reserves the right to supplement this response as additional information become

13  available.

14  **INTERROGATORY NO. 6:**

15
16    Please summarize the grounds for each opinion stated in response to Interrogatory No. 7.

17  **RESPONSE TO INTERROGATORY NO. 6:**

18    Objection. Plaintiff cannot provide a response Interrogatory. Based on this request, it

19  refers to Interrogatory 7 which does not call for an opinion.

20  **INTERROGATORY NO. 7:**

21    Please identify (name, address, telephone number, and date of custody) all persons who

22
23  had custody of the subject vehicle after this incident.

24  **RESPONSE TO INTERROGATORY NO. 7**

25    Auto Body & Paint, LLC
26    4425 Colton Ave, Suite 108
    Las Vegas, NV 89115
27    Phone: (702) 643-7277

28    I am not aware if the vehicle is still at this location.

1

2 **INTERROGATORY NO. 8:**

3       Please identify (name, address and telephone number) all other persons who are claiming

4
5 or can claim a financial interest in this lawsuit.

6 **RESPONSE TO INTERROGATORY NO. 8:**

7       Objection. Irrelevant.  This Interrogatory is vague and ambigious as to what the

8 Defendants mean by "claiming or can clam a financial interest."  I further object as the

9 information sought in this requests calls for information protected by the attorney client privilege.
10
11 Without waiving said objection, I am not aware of any one having a financial interest in this

12 matter.  Discovery is continuing.  I reserve the right to supplement this response as additional

13 information is received.

14 **INTERROGATORY NO. 9:**

15       Please identify (name, jurisdiction and case number) all claims or lawsuits against
16
17 Hyundai that you believe involved allegations similar to the allegations you are making against

18 Hyundai in this case.

19 **RESPONSE TO INTERROGATORY NO. 9:**

20       Objection.  Overbroad and unduly burdensome.  Without waiving said objection, I am not

21
22 aware of any at this time. I reserve the right to supplement this response as additional information

23 is received.

24 **INTERROGATORY NO. 10:**

25       Please identify (name, address, telephone number, and policy number) every insurance

26 company to which you have submitted a claim related to this incident.
27

28 . . .

**RESPONSE TO INTERROGATORY NO. 10:**

Primero Insurance
P O Box 1300
Spearfish, SD  57783
(800) 727-4455

AAA Insurance
(address unknown)
Policy No.  907006

**INTERROGATORY NO. 11:**

State you address, date of birth, place of birth, and social security number and full name and all names by which you have been known or used, including nicknames.

**RESPONSE TO INTERROGATORY NO. 11:**

Christine Keys (Whitfield maiden name)
████60
Hanford, CA
S/S: ██████473

**INTERROGATORY NO. 12:**

If you have ever been convicted of a felony, please state with regard to each such conviction what you were charged with and convicted of; the year of the conviction; the name, address, and title of the court in which the proceeding was brought; the amount of fine and/or sentence imposed; and the amount of fine paid and/or time of sentence served.

**RESPONSE TO INTERROGATORY NO. 12:**

I have never been convicted of a felony.

**INTERROGATORY NO. 13:**

If you are claiming any loss of income or wages from your business or occupation as a result of this incident, describe any such loss, including the cause, the dates, the amount of income lost, and the method of computing the claimed wage loss

**RESPONSE TO INTERROGATORY NO. 13**:

At the time of the incident I was not working.  However, I had accepted a position working for a private client and was to commence work on June 10, 2006.  I was unable to do so as a result of the accident.  As a result of the injuries sustained, I have become disabled and unable to work.

**INTERROGATORY NO. 14**:

For the past ten (10) year period, identify each of your employers, including the employers' names, addresses, and telephone numbers, and the dates of employment.

**RESPONSE TO INTERROGATORY NO. 14**:

Absolute Home Care (sister company to Advanced Home Care)
Las Vegas, NV
Approximately: 2004-2005

Advanced Home Care (sister company to Absolute Home Care)
Las Vegas, NV
Phone: (702) 562-3355
Approximately: 2004-2005

Helen Pellen (deceased)
Palm Springs, CA
Approximately: 1998-2000

Carlo Garnett
Palm Springs, CA
Approximately: 1997

Connie Pruschette (sp?)
Bakersfield, CA
Approximately: 2003 – mid 2005

**INTERROGATORY NO. 15**:

With regard to places of employment given in your answer to Interrogatory No. 16, state the name of your immediate supervisor or superior at each place of employment given by you.

. . .

**RESPONSE TO INTERROGATORY NO. 15:**

Objection.  Interrogatory No. 16 does not call for this formation.  Notwithstanding said objection:

Ms. Pruschett, Ms. Garnett and Ms. Pellen were individuals that I worked for and were my immediate supervisors during my employment.

Absolute Home Care  - David (last name unknown)

Advanced Home Care – Susan (last name unknown)

**INTERROGATORY NO. 16:**

If you have ever made a claim against any person or organization for damages or injuries to person or property, state the circumstances, including the case number and court where the proceeding took place.

**RESPONSE TO INTERROGATORY NO. 16:**

Late 1980 I was involved in a motor vehicle accident in Palm Springs, CA.  The matter settled prior to litigation for property damage only.

In 1980 I was at a laundry facility in Palm Springs, CA.  One of the hoses from a washing machine busted and I slipped and fell in the water hurting my neck.  This matter never went into litigation.  I reserve my right to supplement the right to supplement this response as information is received.

**INTERROGATORY NO. 17:**

Provide the dates and place of all incidents, accident, or occurrences, either prior to or subsequent to this incident, wherein you sustained any injuries whatsoever which required or resulted in medical care, a consultation, an examination, or treatment, and further state;

A.    The nature of the injuries and their symptoms; and

1      B.    The names and addresses of each doctor and/or medical provider and each hospital

2      from which you received consultation, examination or treatment.

3 **RESPONSE TO INTERROGATORY NO. 17**:

4
5      Please see answer to Interrogatory No. 16.

6 **INTERROGATORY NO. 18**:

7      State whether you have made an application or claim for benefits under any medical

8 payment coverage of a policy of insurance, under any public or private group medical benefits

9
10 plan or any state, federal, or local workmen's compensation plan as a result of injuries arising out

11 of this incident and identify the insurance company, governmental body, or organization to whom

12 such application or claim was made, and the date(s) and amount(s) of payment.

13 **RESPONSE TO INTERROGATORY NO. 18**:

14      Objection. Irrelevant. Information sought is believed to lead to information not designed

15 to lead to the discovery of admissible evidence. Notwithstanding said objections, I have not

16
17 applied for any workman's compensation benefits. Other than submitting claims to health

18 insurance providers and med-pay through the vehicle insurance policies. I reserve the right to

19 supplement this response as additional information is received.

20 **INTERROGATORY NO. 19**:

21
22      If you have settled with, or have or will be receiving payments from any party whatsoever

23 with respect to this incident, as well as any accident listed in your answer to Interrogatory No. 19,

24 fully describe the terms of settlement and/or receipt of payments, including the identity of the

25 parties involved with the settlement, the amount of settlement, any insurance companies involved

26 with the settlement, the date of settlement, and any other terms which reflect on the nature of the

27
28 settlement.

1  **RESPONSE TO INTERROGATORY NO. 19**:

2      Objection.  Not designed to lead to discovery of admissible evidence.  I reserve the right

3  to supplement this response as additional information is received.

4
5  **INTERROGATORY NO. 20**:

6      Describe each and every document, as well as its location, that references the settlement or

7  settlements mentioned in Interrogatory No. 21.

8  **RESPONSE TO INTERROGATORY NO. 20**:

9      See Answer to Interrogatory No. 19.

10
11  **INTERROGATORY NO. 21**:

12      If you or anyone acting on your behalf has executed a covenant not to sue, covenant not to

13  execute, release, or any other contract or agreement releasing any party or third person from any

14  past, present, or future liability which does or may result from any claim, associated with or

15  growing out of any claim mentioned in the Complaint or any acts or omissions associates any

16
17  party or third person as mentioned in the Complaint, identify the person having custody of said

18  document(s) and the consideration for execution of said document(s).

19  **RESPONSE TO INTERROGATORY NO. 21**:

20      Objection.  Not designed to lead to discovery of admissible evidence.  I reserve the right

21  to supplement this response as additional information is received.

22
23  **INTERROGATORY NO. 22**:

24      Identify (by author, person, name, address and location) any and all written or recorded

25  statements made by any person purporting to have knowledge of any facts surrounding this

26  incident.

27
28  . . .

1 **RESPONSE TO INTERROGATORY NO. 22**:

2    I am not aware of any recorded statements and/or written statements regarding this matter.

3 Discovery is continuing. I reserve the right to supplement these responses as information

4

5 becomes available.

6 **INTERROGATORY NO. 23**:

7    Identify (name, address, telephone number, date of service, and nature of service) all

8 persons who performed any service, maintenance, or repair to the subject vehicle at anytime

9 before this incident.

10

11 **RESPONSE TO INTERROGATORY NO. 23**:

12    The vehicle which was subject to this incident was approximately 2 years old and under

13 warranty. Therefore, any maintenance and repairs that would have been performed, would have

14 been done by the dealership from which is was purchased.

15    DATED this _____ day of December, 2008.

16

17                                   G. DALLAS HORTON & ASSOCIATES

18

19                                   _____

20                                   G. DALLAS HORTON, ESQ.
                                     Nevada Bar No. 5996
21                                   DAVID L. THOMAS, ESQ.
                                     Nevada Bar No. 3172
22                                   MONTE HALL, ESQ.
                                     Nevada Bar No. 0239
23                                   4435 South Eastern Avenue
                                     Las Vegas, NV 89119
24                                   (702) 380-3100
25                                   Attorneys for Plaintiffs

26

27

28

**VERIFICATION**

**State of Nevada**          )
                             ) ss:
**County of Clark**          )

    I, Christine Keys, under penalties of perjury, states as follows:

    That I am the Plaintiff in the above entitled action.   I have read the foregoing **PLAINTIFF CHRISTINE KEYS' ANSWERS TO DEFENDANTS FIRST SET OF INTERROGATORIES,** know the contents thereof, and believe the same is true of my own knowledge except for those matters contained therein stated upon information and belief, and as to those matters, I believe them to be true.

_Christine Keys_
Christine Keys

SUBSCRIBED AND SWORN to before me
this the _1st_ day of _December_, 2008

NOTARY PUBLIC, in and for the County
Of Clark, State of Nevada

PATTI MILLER
Notary Public, State of Nevada
Appointment No. 99-38049-1
My Appt. Expires Aug. 25, 2011

Page 13 of 14

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that on the 2ⁿᵈ day of December, 2008 served the foregoing **PLAINTIFF'S RESPONSES TO INTERROGATORIES,** via facsimile at the facsimile numbers indicated below, and by placing a true and correct copy of same into a sealed envelope and into the regular U.S. Mail, first class postage prepaid thereon, and addressed to the following at the addresses and facsimile numbers listed below:

Paul G. Cereghini, Esq.
Bryan J. Blehm, Esq.
BOWMAN AND BROOKE LLP
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, Arizona 85012-2761
Tel:  (602) 643-2464
Fax: (602)  248-0947
*Attorneys for Defendant*
*Hyundai Motor America*

Robert D. Vannah, Esq.
Denise M. Ridenhour, Esq.
VANNAH & VANNAH
400 South Fourth Street, 6th Floor
Las Vegas, Nevada  89101
(702) 369-4161
(702) 369-0104 (facsimile)
*Co-Counsel for Plaintiff*
*Christine Keyes*

Greg W. Marsh, Esq.
LAW OFFICES OF GREG W. MARSH
731 South Seventh Street
Las Vegas, Nevada 89101
Tel: (702) 387-0052
Email:  Dmr4253@aol.colm
*Attorneys for Defendant*
*Hyundai Motor America*

An employee of G. DALLAS HORTON & ASSOCIATES

# EXHIBIT 20

04/08/2009 12:15 IFAX
APR-08-2009 11:54   GREG MARSH ATTY
Case 2:08-cv-00736-LRH-LRL   Document 30-15   Filed 05/06/09   Page 47 of 61
PHX FAX
003/007
P.003

*Brian*   *602-248-0441*

KMHCG45C24U505194   JK   2004   HYUN

P4D   ACCENT GL

NV002851779   2513 08/12/2008   JUNK   TOTAL LOSS

SOUTHWEST AUTO WRECKING
4540 SMILEY RD
LAS VEGAS NV 89115-1818

SOUTHWEST AUTO WRECKING
4540 SMILEY RD
LAS VEGAS NV 89115-1818

6/3 rec'd call from Accident Brothers to
pick up vehicles that had been abandoned.
6/3 Called into Metro
6/5 Put on List to DMV
6/25 DMV came out ck'd vehicle - junked vehicle
6/26 Vehicle was crushed

PSF1

SOUTHWEST AUTO WRECKING
4540 E. Smiley Road
Las Vegas, Nevada 89115
Phone 643-1771
Wrecker License WRK 232

*Valerie Kalmbach*

KEYES
003612

STATE OF NEVADA
DEPARTMENT OF MOTOR VEHICLES
CENTRAL SERVICES - RECORDS DIVISION
555 Wright Way
Carson City, Nevada 89711-0250
(775)684-4590

REQUEST DATE : 03/12/2009          SUP.TRAN.ID :    47527626


SOUTHWEST AUTO WRECKING
4540 SMILEY RD
LAS VEGAS NV 89115-1818

### VEHICLE TITLE DATA

I  - VEHICLE DATA

YEAR : 2004  MAKE : HYUN  MODEL : ACCENT G  CYL : 04   OPTL NO. : NOT AVL
VIN  : KMHCG45C24U505194     VEHCL TYPE :   VEH-SEDAN 4 DR

II - TITLE INFORMATION

TITLE NO : NV002851779          ODMTR RG : NOT AVL
STATUS   : JUNKED              ODMTR BR : NOT APPLICABLE
TITLE ISSUE DATE : 08/12/2008

BRAND : TOTAL LOSS               DATE : 08/08/2006

OWNER TYPE  : REGISTERED     COMBN TYPE :   NONE
NAME        : SOUTHWEST AUTO WRECKING
ADDRESS :      4540 SMILEY RD
CITY/STATE  : LAS VEGAS NV 89115-1818
*********************************************************************************
                                        PAGE NO:    1** LAST PAGE **

KEYES
003614

STATE OF NEVADA
DEPARTMENT OF MOTOR VEHICLES
CENTRAL SERVICES - RECORDS DIVISION
555 Wright Way
Carson City, Nevada 89711-0250
(775) 684-4590

REQUEST DATE : 03/12/2009          SUP.TRAN.ID :    47527626


SOUTHWEST AUTO WRECKING
4540 SMILEY RD
LAS VEGAS NV 89115-1818

VEHICLE REGISTRATION DATA

I - VEHICLE DATA

YEAR : 2004    MAKE : HYUN     MODEL : ACCENT G    CYL : 04
VIN : KMHCG45C24U505194     VEHCL TYPE :    VEH-SEDAN 4 DR

II - REGISTRATION INFORMATION

EXPIRATION DATE : 11/08/2006

OWNER TYPE    : REGISTERED      COMBN TYPE :    OR
NAME           : RENEE D MOJESKE
MAIL ADDRESS : 4430 SAN MATEO ST
CITY/STATE    : N LAS VEGAS NV 89031-2172

OWNER TYPE    : REGISTERED      COMBN TYPE :    NONE
NAME           : MERANDA P JACKSON
MAIL ADDRESS : 4430 SAN MATEO ST
CITY/STATE    : N LAS VEGAS NV 89031-2172

LAST TRANSACTION DATE:06/05/2006
*************************************************************************
PAGE NO:     1** LAST PAGE **

KEYES
003615

| DATE/TIME | LOCATION | MODEL YEAR | MAKE | MODEL | COLOR | VIN | TOW # | LOT | DRIVER |
|---|---|---|---|---|---|---|---|---|---|
| 3.8 | 4425 E Colton | | | | | | | | |
| 3.8 | 4440 E Colton | | | | | | | | |
| 6.8 | | | | | | | | | |
| 9.8 | 4440 E Colton | | | | | | | | |
| 5.8 | 4445 Eastern | | | | | | | | |

# EXHIBIT 21

1  **RFPD**
   **G. DALLAS HORTON & ASSOCIATES**
2  G. DALLAS HORTON, ESQ.
3  Nevada Bar No. 5996
   DAVID L. THOMAS, ESQ.
4  Nevada Bar No. 3172
   MONTE HALL, ESQ.
5  Nevada Bar No. 0239
6  CHRISTIAN Z. SMITH, ESQ.
   Nevada Bar No. 8266
7  4435 South Eastern Avenue
   Las Vegas, Nevada 89119
8  Telephone (702) 380-3100
9  Facsimile (702) 385-3101

10 VANNAH & VANNAH
   ROBERT D. VANNAH, ESQ.
11 Nevada Bar No. 2503
12 400 South Fourth Street, 6th Floor
   Las Vegas, Nevada 89101
13
14 *Attorneys for Plaintiff*

15
                    UNITED STATES DISTRICT COURT
16
                        DISTRICT OF NEVADA
17
18 CHRISTINE KEYES,                    )    Case No: **2:08-cv-00736-LRH-LRL**
                                       )
19                        Plaintiff,   )    **PLAINTIFF'S REQUESTS FOR**
                                       )    **PRODUCTION FO DOCUMENTS TO**
20 vs.                                 )    **DEFENDANT**
                                       )
21 HYUNDAI MOTOR AMERICA, a foreign    )
22 corporation; DOES I through X; and ROE )
   CORPORATIONS I through X, inclusive, )
23                                     )
                                       )
24                        Defendants.  )
   _____)
25
26 ...
27 ...
28 ...

                           Page 1 of 10

TO:    HYUNDAI MOTOR AMERICA, Defendant; and

TO:    BRIAN BLEHM ESQ., Attorney for Defendant:

Under authority of Rule 34 of the Nevada Rules of Civil Procedure, Plaintiff, CHRISTINE KEYES, hereby requests that Defendant, HYUNDAI MOTOR AMERICA, respond in writing and produce the requested documents, within thirty (30) days from the receipt hereof, the following Requests for Production of Documents.

**REQUEST NO. 1:**

Produce an internal logic/circuit schematic diagram (with pinout) for the subject vehicle SRS Electronic Control Unit (ECU) used in the subject vehicle. Include identification of all external connection ports, diagnostic connector ports, status-sensing ports, other ECU communication, and internal test points (including those ports/points used for manufacturing test and engineering test).

**REQUEST NO. 2:**

Produce a component value table for all components referenced in the above referenced logic/circuit schematics.

**REQUEST NO. 3:**

Produce all specifications and specification documents for all data saved as the result of a triggering event. Triggering events include, but are not limited to:

a.    DTC recognition process or subrountine;

b.    DTC storage to memory process or subroutine;

c.    Crash event detection condition or recognition process or subroutine leadting to algorithm calculation(s) to determine a deployment decision for one or more squibs;

d.   Crash event detection condition or recognition process or subroutine leading to algorithm calculation(s) to determine a reset before any deployment of any squib.

e.   Sensor event condition(s) or recognition process(es) leading to algorithm wake up or algorithm enable (AE).

**REQUEST NO. 4:**

Produce all documents which identify any or all valid SRS ECU Scan Tools that are authorized by the vehicle manufacturer/ECU supplier to read DTCs, Data Parameters, Current Circuit Parameters, and/or EEPROM data via a Direct Umbilical to the subject class SRS ECU.

**REQUEST NO. 5:**

Produce a complier "Symbols List" for the constants and variables saved in non-volatile memory (EEPROM, Flash Memory) used by, or written by, the control software of the subject SRS ECU.

**REQUEST NO. 6:**

Produce a "Symbols Map" showing where the above-identified "Symbols" (constants and variables used in the control software) are saved in EEPROM addresses or in any memory addresses.

**REQUEST NO. 7:**

Produce all documents which identify the valid EEPROM address range in the subject SRS ECU.

**REQUEST NO. 8:**

Produce all specifications identifying for each EEPROM/flash-memory address in the subject SRS ECU, a corresponding identification of the data contents for each address identified. For each address value, identify the parameter content and produce the following Scaling Limits,

Page 3 of 10

Offset and Transfer definitions (SLOT) for the parameter saved at the address so that the EEPROM information can be readily interpreted and used for engineering analysis.

**REQUEST NO. 9:**

Produce all documents showing whether the data conventions in the ERS ECU variable and/or PIDs follow the signing conventions of SAE J1733/SAE J670e/SAE J211. If the SRS ECU data conventions differ from these standards, produce documents stating the signing conventions used in the subject SRS ECU data.

**REQUEST NO. 10:**

Produce all documents covering or containing sub-parts covering the operational specification of the subject ECU/controller as installed in the subject vehicle, or the class of vehicle models containing substantially similar systems.

**REQUEST NO. 11:**

Produce all SRS-ECU supplier simulation response summaries to the vehicle manufacturer provided functional crash-performance requirements specifications. If such functional crash performance simulation summaries contain sub-parts or multiple condition deployment criteria, include all such summary sub-parts in the summaries supplied.

**REQUEST NO. 12:**

Produce all documents in which the data and/or specifications to access or interrogate direct-addressed EEPROM/Flash memory and/or PIDS and/or PIDs are contained.

**REQUEST NO. 13:**

Produce an EEPROM map showing the values loaded in the subject SRS ECU EEPROM or Flash Memory when the vehicle in which that SRAS ECU is installed is released into the stream of commerce.

**REQUEST NO. 14:**

Produce all worksheets/forms/interpreters/coding-sheets, spreadsheet data files, translational program data files, and interpretive-program data files used by engineers/company investigators when examining internal parameter (PID, DPID) and DTC memory EEPROM/flash-memory data from an SRS ECU.

**REQUEST NO. 15:**

Produce all worksheets/forms/interpreters/coding-sheets, spreadsheet data files, translational program data files, and interpretive-program data files used by investigators/technicians/engineers when examining direct-addressed or internal indirect-addressed (virtual addresses) ROM, PROM, EEPROM and/or PID data from the subject ECU/controller type.

**REQUEST NO. 16:**

Produce all worksheets/forms/interpreters/coding-sheets, spreadsheet data files, translational program data files, and interpretive-program data files used by investigators/technicians/engineers when examining the contents of internal direct-addressed ROM, PROM, or EEPROM data from the subject SRS ECU/controller type.

**REQUEST NO. 17:**

Produce all documents covering or containing sub-parts covering the operational specification of the subject SRS ECU/controller as installed in the subject vehicle or the class of vehicle models containing substantially similar systems.

**REQUEST NO. 18:**

Produce a list of all model years and vehicle models in which the same or functionally similar SRS ECU/controller system was used in vehicles.

**REQUEST NO. 19:**

Produce all SRS-ECU supplier simulation response summaries to the vehicle manufacturer provided functional crash performance requirements specifications. If such functional crash performance simulation summaries contain sub-parts, or multiple-condition deployment criteria, include all such summary sub-parts in the summaries supplied.

**REQUEST NO. 20:**

Produce all acceleration/displacement/kinematics/electrical-performance charts recorded for vehicles and/or manikins in passive-restraints verification crash tests involving **frontal full-barrier collisions** (complete barrier) for SRS/airbag deploy/non-deploy verification.

**REQUEST NO. 21:**

Produce all acceleration/displacement/kinematics/electrical performance charts recorded for vehicles and/or manikins in passive-restraints verification crash tests involving **frontal offset-barrier** collisions (half or offset or angled barrier) for SRS/airbag deploy/non-deploy verification.

**REQUEST NO. 22:**

Produce all acceleration/displacement/kinematics/electrical performance charts recorded for vehicles and/or manikins in passive-restraints verification crash tests involving **frontal angled-barrier** collisions (half or offset or angled barrier) for SRS/airbag deploy/non-deploy verification.

**REQUEST NO. 23:**

Provide a list of all structural/mechanical changes incorporated in the subject vehicle that were not incorporated in each crash test vehicle.

04/02/2009 09:58 FAX @007/010

**REQUEST NO. 24:**

Produce all supplier simulation response summaries, tables, charts submitted to verify that the vehicle manufacturer provided functional crash performance requirements are satisfied by simulation responses of the subject ECU crash discrimination algorithm. If such functional crash performance simulation summaries contain sub-parts or multiple condition deployment criteria, include all such summary sub-parts in the specification supplied.

**REQUEST NO. 25:**

Please produce all documents in your possession in response to Interrogatory No. 3 served concurrently herewith.

**REQUEST NO. 26:**

Please produce all documents in your possession in response to Interrogatory No. 4 served concurrently herewith.

**INTERROGATORY NO. 27:**

Please produce all documents in your possession in response to Interrogatory No. 5 served concurrently herewith.

**INTERROGATORY NO. 28:**

Please produce all documents in your possession in response to Interrogatory No. 6 served concurrently herewith.

**INTERROGATORY NO. 29:**

Please produce all documents in your possession in response to Interrogatory No. 7 served concurrently herewith.

**INTERROGATORY NO. 30:**

Please produce all documents in your possession in response to Interrogatory No. 8 served concurrently herewith.

**INTERROGATORY NO. 31:**

Please produce all documents in your possession in response to Interrogatory No. 9 served concurrently herewith.

**INTERROGATORY NO. 32:**

Please produce all documents in your possession in response to Interrogatory No. 10 served concurrently herewith.

**INTERROGATORY NO. 33:**

Please produce all documents in your possession in response to Interrogatory No. 11 served concurrently herewith.

**INTERROGATORY NO. 34:**

Please produce all documents in your possession in response to Interrogatory No. 12 served concurrently herewith.

**INTERROGATORY NO. 35:**

Please produce all documents in your possession in response to Interrogatory No. 13 served concurrently herewith.

...

...

...

...

...

1 **INTERROGATORY NO. 36:**

2 Please produce all documents in your possession in response to Interrogatory No. 17

3 served concurrently herewith.

4 DATED this __2__ day of April, 2009.

5

6 G. DALLAS HORTON & ASSOCIATES

7

8 G. DALLAS HORTON, ESQ.
Nevada Bar No. 5996

9 DAVID L. THOMAS, ESQ.
Nevada Bar No. 3172

10 MONTE HALL, ESQ.
Nevada Bar No. 0239

11 4435 South Eastern Avenue

12 Las Vegas, NV 89119
(702) 380-3100

13 Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2      Pursuant to NRCP 5(b), I certify that on the ___ day of April, 2009 served the foregoing

3 **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT,**

4 via facsimile at the facsimile numbers indicated below, and by placing a true and correct copy of

5 same into a sealed envelope and into the regular U.S. Mail, first class postage prepaid thereon,

6 and addressed to the following at the addresses and facsimile numbers listed below:

7 Paul G. Cereghini, Esq.                        Greg W. Marsh, Esq.
8 Bryan J. Blehm, Esq.                           LAW OFFICES OF GREG W. MARSH
   BOWMAN AND BROOKE LLP                         731 South Seventh Street
9 Suite 1600, Phoenix Plaza                      Las Vegas, Nevada 89101
   2901 North Central Avenue                     Tel: (702) 387-0052
10 Phoenix, Arizona 85012-2761                    Email: Dmr4253@aol.com
11 Tel: (602) 643-2464                            *Attorneys for Defendant*
   Fax: (602) 248-0947                            *Hyundai Motor America*
12 *Attorneys for Defendant*
13 *Hyundai Motor America*

14 Robert D. Vannah, Esq.
   Denise M. Ridenhour, Esq.
15 VANNAH & VANNAH
16 400 South Fourth Street, 6th Floor
   Las Vegas, Nevada  89101
17 (702) 369-4161
   (702) 369-0104 (facsimile)
18 *Co-Counsel for Plaintiff*
19 *Christine Keyes*

20

21

22                        An employee of G. DALLAS HORTON & ASSOCIATES

23

24

25

26

27

28

Page 10 of 10