UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTINE KEYES,<br><br>            Plaintiff,<br><br>   v.<br><br>HYUNDAI MOTOR AMERICA, et al.,<br><br>            Defendants. | 2:08-CV-00736-LRH-LRL<br><br>ORDER |

Before the court is defendant Hyundai Motor America's ("Hyundai") motion to dismiss for spoliation of evidence filed on May 6, 2009. Doc. #30[1]. Plaintiff Christine Keyes ("Keyes") filed an opposition on May 26, 2009. Doc. #33. Thereafter, Hyundai filed a reply on June 8, 2009. Doc. #37.

Also before the court is Keyes's motion to amend her complaint to add Hyundai Motor Company as a defendant filed on June 2, 2009. Doc. #36.

**I.    Facts and Procedural History**

On June 4, 2006, Keyes was driving her daughter-in-law's 2004 Hyundai Accent ("Accent") when she was hit by non-party Cynthia Dufala. Keyes suffered severe injuries which she attributes to the failure of the driver's side airbag to deploy and the driver's seatbelt to lock during the accident.

---

[1] Refers to the Court's docket number.

On September 22, 2006, Keyes, through counsel, purchased the Accent for preservation and inspection. The Accent was stored at Accident Solutions, an auto body shop in Las Vegas, Nevada. Subsequently, on April 25, 2008, Keyes filed a complaint against Hyundai claiming that the driver's side airbag did not deploy during the accident and alleging three causes of action: (1) negligence; (2) strict products liability; and (3) breach of warranty. Keyes amended her complaint on May 16, 2008, to include allegations that the driver's seatbelt also failed during the accident.

Hyundai removed the matter to federal court and the parties entered into a staggered discovery schedule. Doc. #8. Pursuant to the stipulated discovery agreement, Keyes provided her initial expert disclosures and reports on January 29, 2009.

Hyundai's expert disclosures were not due until April 14, 2009. Doc. #8. Accordingly, Hyundai contacted Keyes's counsel to schedule expert inspections of the vehicle in order to oppose Keyes's expert reports. However, Hyundai learned that the Accent was declared abandoned on June 3, 2008, and was destroyed on June 26, 2008. Thereafter, Hyundai filed the present motion to dismiss Keyes's complaint for spoliation of evidence. Doc. #30.

**II.   Legal Standard**

A party in litigation bears a duty to preserve evidence that is known or should reasonably be known to be relevant to the litigation. *See Fire Ins. Exch. v. Zenith Radio Corp.*, 747 P.2d 911, 914 (Nev. 1987). A federal court has the inherent power to order appropriate sanctions in response to the destruction or spoliation of relevant evidence in opposition to this duty. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).

Dismissal of a party's claims is an appropriate sanction for conduct "utterly inconsistent with the orderly administration of justice," including spoliation of evidence. *Anheuser-Busch v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995); *see also, Leon v. IDX Systems Co.*, 464 F.3d 951 (9th Cir. 2006). However, before granting dismissal, a district court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Anheuser-Busch,* 69 F.3d at 348. Further, a sanction of dismissal must be just and relate directly to the claims involving the spoliated evidence. *See Stubli v. Big D Int'l Trucks, Inc.*, 810 P.2d 785, 787 (Nev. 1991).

**III.   Discussion**

   **a. Prejudice**

Hyundai argues that as a result of the destruction of the Accent, it has been severely prejudiced in its defense and, therefore, Keyes's complaint should be dismissed. Hyundai argues that it can no longer respond appropriately to Keyes's expert reports, nor can it observe and measure the damage patterns from previous accidents to see how that damage affected the Accent.

The court finds that Hyundai has been substantially prejudiced by the spoliation and destruction of the Accent. The Accent was the single most important piece of dispositive evidence because it contained all the physical evidence relating to the product: Keyes's claims revolve solely around the allegedly defective seat belt and airbag system which were destroyed. Hyundai has lost its ability to produce evidence to show that the Accent's airbags and seatbelts were defect free and performed as expected during the accident. Further, Hyundai cannot counter Keyes's expert reports with their own experts who had an opportunity to inspect the vehicle.

In opposition, Keyes argues that to the extent Hyundai is prejudiced by the destruction of the Accent, it is Hyundai's own fault for failing to conduct a more timely inspection. Keyes argues that Hyundai had plenty of time to inspect the vehicle after it was purchased in September 2006. However, Keyes did not file her complaint until April 2008; the Accent was destroyed a scant two months later. Further, discovery did not even begin until August 2008, more than a month after the vehicle was destroyed. Hyundai did not have a meaningful opportunity to inspect the vehicle during the litigation.

3

### b. Remaining Factors

Keyes argues that even if Hyundai was prejudiced by the destruction of the Accent, dismissal is an inappropriate sanction because Keyes did not act willful in destroying the vehicle. Keyes argues that she more than complied with her duty to preserve evidence by purchasing a vehicle that did not belong to her, sending it to a licensed and bonded auto body shop , and making it available for inspections. Further, the Accent was destroyed due to a third-party's negligence. Thus, Keyes argues that a more appropriate sanction, in light of the Accent's negligent rather than willful destruction, is an inference that the missing evidence is adverse to her. *See e.g., Bass-Davis v. Davis*, 134 P.3d 103, 105 (Nev. 2006).

However, the court finds that dismissal is a more appropriate sanction when the single, most critical piece of evidence in a products liability action is destroyed prior to the opposing party's opportunity to inspect it. *See e.g., Stubli,* 810 P.2d at 787. An inference that the evidence was adverse would be futile because Keyes already has expert reports outlining her argument that the Accent's airbag and seatbelt failed that could easily outweigh and overcome an adverse inference. Hyundai, on the other hand, has no ability to counter those reports. The court finds that a lesser sanction, short of deeming Hyundai's theory admitted and grating summary judgment in Hyundai's favor, will not compensate for the destruction of the Accent.

Additionally, the court finds that the remaining factors weigh towards dismissal. First, the public's interest in expeditious litigation and the court's need to manage its docket favor dispositive orders. Further, because Keyes had a continuing duty to preserve the Accent, dismissal does not unfairly penalize her for failing to ensure that the Accent was retained on her behalf. The court recognizes that although dismissal precludes adjudication on the merits and penalizes Keyes for the misconduct of the company that was to preserve the Accent, such consequences are unavoidable and are outweighed by the need to remedy the destruction of key evidence, and the benefits of deterring similar actions in future cases.

1       IT IS THEREFORE ORDERED that defendant's motion to dismiss for spoliation

2 (Doc. #30) is GRANTED.

3       IT IS FURTHER ORDERED THAT plaintiff's motion to amend (Doc. #36) is DENIED as

4 moot.

5       IT IS FURTHER ORDERED THAT the clerk of court shall enter judgment accordingly.

6       IT IS SO ORDERED.

7       DATED this 12th day of February, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5