UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHRISTINE KEYES,

    Plaintiff,

v.

HYUNDAI MOTOR AMERICA, et al.,

    Defendants.

2:08-CV-00736-LRH-LRL

ORDER

Before the court is plaintiff Christine Keyes's ("Keyes") motion to reconsider filed on March 1, 2010. Doc. #43.[1] Defendant Hyundai Motor America ("Hyundai") filed an opposition on March 15, 2010. Doc. #44. Thereafter, Keyes filed a reply on March 25, 2010. Doc. #49.

**I.  Facts and Procedural History**

On June 4, 2006, Keyes was driving her daughter-in-law's 2004 Hyundai Accent ("Accent") when she was hit by non-party Cynthia Dufala. Keyes suffered severe injuries. On September 22, 2006, Keyes, through counsel, purchased the Accent for preservation and inspection. The Accent was stored at Accident Solutions, an auto body shop in Las Vegas, Nevada.

Subsequently, on April 25, 2008, Keyes filed a complaint against Hyundai in state court claiming that the driver's side airbag did not deploy during the accident and alleging three causes of

---

[1] Refers to the Court's docket number.

1  action: (1) negligence; (2) strict products liability; and (3) breach of warranty. Keyes amended her
2  complaint on May 16, 2008, to include allegations that the driver's seatbelt also failed to lock
3  during the accident. Hyundai removed the matter to federal court and the parties entered into a
4  staggered discovery schedule. Doc. #18. Pursuant to the stipulated discovery agreement, Keyes
5  provided her initial expert disclosures and reports on January 29, 2009.

6      Hyundai's expert disclosures were not due until April 14, 2009. Doc. #18. Hyundai
7  contacted Keyes's counsel to schedule expert inspections of the vehicle in order to oppose Keyes's
8  expert reports. However, Hyundai learned that the Accent was declared abandoned on June 3, 2008,
9  and was destroyed on June 26, 2008. Hyundai subsequently filed a motion to dismiss Keyes's
10 complaint for spoliation of evidence. Doc. #30.

11     On February 16, 2010, the court granted Hyundai's motion to dismiss for spoliation holding
12 that Hyundai had been substantially prejudiced by the destruction of the Accent because Hyundai
13 could no longer respond to Keyes's expert reports with their own experts who had the opportunity
14 to inspect the vehicle. Doc. #41. Thereafter, Keyes filed the present motion to reconsider. Doc. #43.

15 **II.  Discussion**

16     Keyes brings her motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).
17 Rule 60(b) provides that a district court may relieve a party from a final judgment or order upon a
18 showing of mistake, newly discovered evidence, fraud, or excusable neglect. FED. R. CIV. P. 60(b);
19 *see also, Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). Here, Keyes argues
20 that the court erred in dismissing her action because the destruction of the Accent was not willful.

21     Initially, the court notes that the decision to dismiss the action was not based on Keyes's
22 willfulness. The court's decision was based on the importance of the evidence to the litigation.
23 *See* Doc. #41 ("the court finds that dismissal is a more appropriate sanction when the single, most
24 critical piece of evidence in a products liability action is destroyed prior to the opposing party's
25 opportunity to inspect it."). The court held that Keyes had a duty to preserve the vehicle and she

26

failed in that duty. Whether her failure was willful or not was not a consideration for the court.

Additionally, Keyes argues that it was error for the court to discount Hyundai's initial inspection from which, she argues, Hyundai gathered sufficient evidence to defend the action. However, Hyundai's 2007 inspection was limited to accessing and transferring data from the on-board computer. This limited data information did not provide Hyundai with sufficient evidence to defend the action because Keyes's expert reports focused on the physical damage to the vehicle, including marks on the seatbelts and the failure of the airbag to accept the signal to deploy. The destruction of the Accent foreclosed Hyundai's ability to respond to these arguments with its own experts who physically inspected the vehicle.

Further, Keyes has not provided any new evidence regarding the inspection that was not already before the court. Therefore, she has failed to establish that reconsideration is warranted. *See e.g., Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005) ("reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."). Accordingly, the court shall deny Keyes's motion to reconsider.

IT IS THEREFORE ORDERED that plaintiff's motion to reconsider (Doc. #43) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of May, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3